UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


ALEKSANDAR KAVAJA

V.                        CASE NO. 20-00202-001

UNITED STATES OF AMERICA

RECE
MAY 18 2023
U.S.C.A. 3

## MOTION FOR RETURN OF SEIZED PROPERTY

NOW COMES ALEKSANDAR KAVAJA, PURSUANT TO RULE 41(e) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, AND RESPECTFULLY MOVES THIS HONORABLE COURT TO DIRECT THAT "MONTE NEGRIAN PASSPORT" BELONGING TO PETITIONER A SCHEDULE OF WHICH IN ANNEXED, AND WHICH WAS TAKEN FROM HIM ON JUNE 19 2019, AT THE PREMISES LOCATED AT PORT PACKER MARINE TERMINAL IN PHILADELPHIA, IN THE EASTERN DISTRICT OF PENNSYLVANIA, DISTRICT BY THE UNITED STATES MARSHALL FOR THIS DISTRICT BE RETURNED TO HIM.


RESPECTFULLY SUBMITTED

Aleksandar Kavaja

PRO SE

DATED: 5.12.2023

ALEKSANDAR KAVAJA

      Defendant,

  VS.

UNITED STATES OF AMERICA,

      Plaintiff,

  )
  )
  )
  )
  )
  )
  )
  )
  )
  )

M O T I O N   T O

R E T U R N   P R O P E R T Y

F.R.C.P.   R U L E  41(g)

****************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMES NOW the Petitioner,

in the above action moves to compel this Court to "Order" the UNITED STATES

to return Petitioner's property pursuant to Federal Rules of Criminal

Procedure, Rule 41(g). Supported by the below Grounds herein:

JURISDICTION

  Jurisdiction in this case is by virtue pursuant to Federal Rules of

Criminal Procedure, Rule 41(g), which states in pertinent part:

  Rule 41(g), States "A person agrieved by the deprivation of property may move for
the property's return. The motion must be filed in the district where the  property
was seized. The court must receive evidence on any factual issues necessary to
decide the motion. Id.

STATEMENT OF FACTS

ON JUNE 19 2019 ALEKSANDAR KAVAJA WAS ARRESTED AT
PORT PACKER MARINE TERMINAL IN PHILADELPHIA. HIS PASSPORT
WAS SIZED BY US GOVERMENT. BECAUSE PETITIONER FACING
DEPORTATION TO MONTE NEGRO, HIS PASSPORT IS ESSNTIAL
IN HIS IMMIGRATION PROCESS, WITH OUT HIS PASSPORT
PETITIONER WILL FACE ON DUE BURDEN, CAUSING
PETITIONER TO STAY IN IMMIGRATION CUSTODY LONGER
THEN NECESSARY.

## NO CIVIL NOR CRIMINAL FORFEITURE ON RECORD

THE UNITED STATES never initated Civil forfeiture proceedings

pursuant to 18 USC §981 or Criminal forfeiture pursuant to 18 USC §982.

## ARGUMENT

Forfeitures are subject to all the constitutional and stautory

procedural safeguards available under criminal law. **PATTERSON**,177 Wash. D.L. Rptr. 741. **SEIFUDDIN**, 820 F.2d 1075 (9th Cir. 1987).

An indictment must include the forfeiture counts, and jury must prove beyond a reasonable doubt as to whether or not the alleged property is in fact forfeited,without the aforementioned requisite performed the UNITED STATES must return the petitioners property.

In this case, the UNITED STATES did not, and has never initiated forfeiture proceedings with respect to the seized property taken from the petitioner. Nor the Defendant at the time of arrest, after or at trial or ever after trial.

Therefore pursaunt to **FRCP** Rule 41 (g),the UNITED STATES must return the petitioners property.

## CONCLUSION

THE LAWS ARE VERY CLEAR ON WHAT THE UNITED STATES OBLIGATIONS WERE WITH RESPECT TO PROCEDURE. THEY WERE MANDATED TO BOTH ADHERE TO AND FOLLOW PROCEDURES RELATING TO CIVIL OR CRIMINAL FOREITURES, BUT "KNOWINGLY AND WILLINGLY" FAILED TO DO SO.

THE LAWS ARE JUST AS CLEAR AS IT RELATES TO WHAT MUST BE DONE WHEN THEN THE UNITED STATES DOES NOT INSTITUTE ANY WHATSOEVER FORFEITURE PROCEEDINGS. WHICH IS TO SIMPLY RETURN THE PETITIONER'S PROPERTY WHEN RULE 41 (G) MOTION IS FILED.

## PRAYER

WHEREFORE SUPPORTED BY THE FACTS AND EVIDENCE AS PRESENTED BY LAW, PETITIONER PRAYS THAT COURT ISSUED AN "ORDER" ORDERING U.S. GOVERMENT FOR THE STATE OF PHILADELPHIA, PENNSYLVANIA TO RETURN THE PETITIONER PROPERTY IMMEDIATELY. ABSENT ANY WHATSOEVER PROPERTY FORFEITURE PROCEEDING THE U.S. GOVERMENT FOR EASTERN DISTRICT OF PENNSYLVANIA, IS DEPRIVING THE PETITIONER OF HIS PROPERTY WITHOUT JUST CAUSE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND ACCURATE COPY WAS MAILED TO BELOW THIS MAY. 12 OF 2023.

ALEKSANDAR KAVAJA
#69914066
FEDERAL CORRECTIONAL
INSTITUTION BERLIN
PO BOX 9000
BERLIN, NH 03570



RECEIVED
MAY 1 8 2023
U.S.C.A. 3rd. CIR

WHITE RIV JCT VT 050
15 MAY 2023 PM 2 L



UNITED STATES COURTHOUSE
601 MARKET STREET, ROOM 1609
PHILADELPHIA, PA 19106

U.S.M.S.
X-RAY

19106-179199

FCI BERLIN
P.O. BOX 69 BERLIN, NH 03570
DATE: 05/15/2022

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address."